[No. 2901.]

THE LOCKHAVEN TRUST AND SAFE DEPOSIT COMPANY
v. THE UNITED STATES MORTGAGE AND
TRUST COMPANY ET AL.

1.  Mortgages—Foreclosure—Pleading.

In an action to foreclose a trust deed, an averment in the answer that the trust deed is a lien upon only whatever interest the grantor had in the premises is not a denial of an allegation in the complaint that said grantor had incumbered the premises in fee.

2.  Appellate Practice—Supersedeas.

A supersedeas will not be granted where the decree to which the supersedeas is asked granted plaintiff in error all of the relief justified by its pleadings, and where it is not shown that any prejudice will result from a denial of the supersedeas.

*Error to the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL, for plaintiff in error.

Messrs. DINES, WHITTED & DINES and Mr. J. G. McMURRY, for the U. S. Mortgage & Trust Company.

Messrs. BARTELS & BLOOD, for estate creditors.

Mr. JAMES H. BROWN, for executors et al.

Mr. A. W. GILLETTE, for minor defendants.

GUNTER, J.

In 1891 Mrs. Jane C. Brown, the owner of realty, parcels one (the Brown hotel property), two, three, four, five and other property, real and personal, devised in fee to H. C. Brown, her husband, all of her real estate except parcel one, and as to this her will gave him the power to incumber it in fee for any amount, and for such purposes as he might see fit, and the right to the money secured thereby to his own use forever. Whether the fee of parcel one was devised to H. C. Brown is not material to this ruling, and no opinion is expressed as to the effect of the will in this respect.

Mrs. Brown died February 11, 1893; February 27 the will was probated, and, according to its terms, H. C. Brown was appointed executor. The estate was largely indebted, claims covering such indebtedness were filed and allowed, the largest being one held by the Northwestern Mutual Life Insurance Company, secured by trust deed on parcels one, two, three, four and five. April, 1895, H. C. Brown borrowed of the United States Mortgage and Trust Company—designated herein as defendant in error—a sum sufficient to pay his claim, gave his notes therefor, and as security a trust deed, recorded May 3, 1895, purporting to incumber the fee of said five parcels.

All creditors of the estate released their general lien against this property, and consented that the trust deed should become a first lien thereon. May 2, 1895, recorded May 13, 1895, H. C. Brown gave a second trust deed upon this property to secure the estate of creditors other than the Northwestern Mutual Life Insurance Company, to pay which com-

pany the money borrowed of defendant in error was used.

November, 1893, H. C. Brown borrowed of plaintiff in error a certain sum, giving his note, indorsed by J. H. Brown, and as security a mortgage on realty other than that incumbered by defendant in error's trust deed, which realty had been devised to him in fee by Mrs. Brown. Default having been made in payment, the mortgage of plaintiff in error was foreclosed, the incumbered property sold and purchased by it, and December, 1899, a deficiency judgment was entered in its favor against H. C. Brown and J. H. Brown, and a transcript thereof filed January 6, 1900, in the office of the recorder of Arapahoe county, the county wherein is situated the real estate involved. A sheriff's deed, issued in pursuance of the sale, conveyed the foreclosed property to plaintiff in error, September 14, 1900. Default having been made in the payment of its notes, defendant in error brought this action August 7, 1900, to foreclose the trust deed. The complaint was in the usual form for foreclosing mortgages, and *inter alia* alleged that H. C. Brown had signed the notes secured by the trust deed, as the executor of Mrs. Brown, and that they were obligations of her estate. Further, that the trust deed was a first lien upon the fee of the parcels therein described. The prayer was for a judgment against H. C. Brown personally, and as executor of Mrs. Brown; that its trust deed be declared a first lien upon the property covered thereby, and for foreclosure.

Plaintiff in error answered. Its first defense denied the execution of the notes by H. C. Brown as executor of Mrs. Brown. Admitted the ownership in fee of lots two, three, four and five to be in H. C. Brown. Admitted the power of H. C. Brown to incumber parcel one in fee. Admitted that the trust

deed was a first lien upon whatever interest H. C. Brown had in parcels one, two, three, four and five.

It is not averred, either in the complaint or in this defense, what the interest of H. C. Brown is in parcel one. The averment that the trust deed is a lien upon only whatever interest H. C. Brown had in parcel one is no denial of the allegation of the complaint that H. C. Brown had incumbered parcel one in fee. As it seems to be conceded that this trust deed incumbers the fee of these parcels, the only issue raised by this defense is as to the capacity in which the notes were executed. As the property acquired by plaintiff in error, through the foreclosure of its mortgage, would be liable to be subjected to the defendant in error's claim, provided such claim was adjudged to be an obligation of the estate of Mrs. Brown, and a deficiency judgment—after sale of its incumbered property—should be entered against H. C. Brown as executor, plaintiff in error was interested in having it adjudged that the obligations covered by defendant in error's trust deed were the personal debts of H. C. Brown, and not of the estate of Mrs. Brown. The decree of the court was for plaintiff in error (defendant below) on concededly the only issue presented by this defense in holding that the notes were the personal obligations of H. C. Brown, and not of the estate of Mrs. Brown.

In its second defense (designated as second defense and cross-complaint) are alleged the facts pertinent to the taking of plaintiff in error's mortgage, its foreclosure, the deficiency judgment against H. C. Brown and J. H. Brown, and the filing of the transcript. The borrowing by H. C. Brown from defendant in error of the amount covered by its notes, the giving of the notes and the trust deed, and that the trust deed incumbered the fee of the five parcels of real estate therein described, are here admitted.

There is here the express admission that the trust deed, under the powers conferred by the will, incumbered the fee of parcel one.

The prayer of the answer substantially was that plaintiff be decreed to have no claim by the notes or trust deed against the estate of Mrs. Brown.

The decree finds that defendant in error's notes are the personal notes of H. C. Brown, and that the estate of Mrs. Brown is not liable thereon. Upon this, the only issue tendered by plaintiff in error's answer, the finding and decree were for it. From the decree so holding as to said notes and ordering a foreclosure of the property securing the same, plaintiff in error is here asking for a writ of supersedeas. We are asked to supersede a judgment which granted plaintiff in error all of the relief justified by its pleadings.

As to the alleged error in the construction of the will of Mrs. Brown, it has not been shown that any prejudice will result from this by a denial of the supersedeas. We think the writ of supersedeas should be denied.                      *Denied.*